**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO COTA, individually; and on behalf of all others similarly situated, | No. 22-55303 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-01163-LAB-AGS |
| v. | |
| FRESENIUS USA, INC., a Massachusetts corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 6, 2022[**]
Pasadena, California

Before: KELLY,[***] M. SMITH, and COLLINS, Circuit Judges.

In April 2018, Plaintiff-Appellant Sergio Cota filed a class action, together

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

with a representative cause of action under the Private Attorneys General Act, Cal. Lab. Code § 2699 (West 2016), against his employer Fresenius USA Manufacturing, Inc. (Fresenius), asserting violations of California's Meal and Rest Break Rules (MRB Rules), as set forth in California Labor Code sections 226.7 and 512 and associated wage orders and regulations.[1] In December 2018, the Federal Motor Carrier Safety Administration declared the MRB Rules preempted by federal regulations as applied to certain commercial drivers, pursuant to its authority under 49 U.S.C. § 31141. *California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers*, 83 Fed. Reg. 67,470 (Dec. 28, 2018) ("California may no longer enforce the MRB Rules with respect to drivers [subject to certain commercial regulations].").

In *International Brotherhood of Teamsters, Local 2785 v. Federal Motor Carrier Safety Administration*, 986 F.3d 841 (9th Cir. 2021), we approved the preemption order but left open the question of the order's temporal scope. *Id.* at 858 n.5 ("We thus do not consider the retroactivity issue."). After *Teamsters* was decided, Fresenius moved for summary judgment, which the district court granted in full, concluding it was unable to enforce Mr. Cota's MRB Rules claims (or any derivative claims) under the 2018 order, regardless of when the underlying

---

[1] Mr. Cota also asserted additional claims below, but the only ones at issue in this appeal are claims that are based, directly or indirectly, on the MRB Rules.

2

violation occurred.  On appeal, Mr. Cota argues that the 2018 order does not preclude claims predicated on conduct predating the order.

This precise issue was resolved in our recent decision in *Valiente v. Swift Transportation Co. of Arizona*, 54 F.4th 581 (9th Cir. 2022).  Our disposition of this case is governed by that decision.  There, the panel majority found the statutory language in 49 U.S.C. § 31141(a) to be clear: "A state 'may not enforce' preempted laws.  Any court decision giving effect to California's MRB rules would thus contravene the statute."  *Valiente*, 54 F.4th at 585–86 (quoting 49 U.S.C. § 31141(a)) (citation omitted).  In light of *Valiente*, courts lack authority to enforce preempted claims arising under California's MRB Rules no matter when the violative conduct occurred.  The district court did not err by granting Fresenius's motion for summary judgment.

AFFIRMED.